1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PIERRE L. HOFFMAN,                          No.  2:14-cv-1119 AC P

12                   Plaintiff,

13          v.                                    ORDER

14   UNKNOWN,

15                   Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, initiated this action by filing what he

18   identified as a habeas petition.  The document was addressed to San Joaquin County Superior

19   Court.  See ECF No. 1.  The case was re-designated as an action pursuant to 42 U.S.C. §1983

20   because, as this court noted previously, "[t]he allegations. . . to the extent they can be discerned,

21   concern claims of excessive force and inadequate medical care, i.e., they challenge conditions to

22   confinement."  See Order, ECF No. 4 at 1.[1]  Plaintiff, as petitioner, had failed to file an in forma

23   pauperis affidavit or the required filing fee.  28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff was

24   _____

25   [1] Plaintiff was informed that "[f]ederal law opens two main avenues to relief on complaints
     related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the
26   Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983.  Challenges to the
     validity of any confinement or to particulars affecting its duration are the province of habeas
27   corpus, Preiser v. Rodriguez, 411 U.S. 475, 500[] (1973); requests for relief turning on
     circumstances of confinement may be presented in a 1983 action."  Muhammad v. Close, 540
28   U.S.749, 750 (2004) (per curiam).  Id.

                                              1

1   informed of the significant difference between the $5.00 filing fee for a habeas petition and the

2   filing fee for a civil rights complaint and given the opportunity either to submit the appropriate

3   affidavit in support of a request to proceed in forma pauperis or to pay the required $400 filing

4   fee.[2]  Plaintiff has evidently elected to proceed pursuant to 42 U.S.C. § 1983 because he has, in

5   response to the order, requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

6   pauperis.  See ECF Nos. 7-9.  This proceeding was referred to this court by Local Rule 302

7   pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.

8   ECF No. 3.

9         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

10   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

11         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

12   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

13   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

14   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

15   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

16   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

17   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

18   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

19   1915(b)(2).

20         Screening Requirement

21         The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26

27   [2] Plaintiff was informed that the filing fee required to proceed on a civil rights complaint is
$350.00 plus a $50.00 administrative fee but if leave to file in forma pauperis were granted,

28   plaintiff would not be required to pay the $50.00 administrative fee.  ECF No. 4 at 2 & n. 2.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a cause of

9    action;" it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

11   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

12   a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

13   Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

14   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

15   556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

16   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

17   that the defendant is liable for the misconduct alleged." Id.

18   In reviewing a complaint under this standard, the court must accept as true the allegations

19   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

20   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

21   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

22   Plaintiff's Allegations

23   The gravamen of plaintiff's complaint is his dissatisfaction with the prison grievance

24   process.  He sets forth the history of several staff misconduct complaints/inmate administrative

25   appeals that he has evidently filed, complaining variously of a lack of response, a delayed

26   response or an unsatisfactory response.  One of his appeals concerns the alleged use of excessive

27   force to which plaintiff complains he was subjected on February 28, 2014 and as a result of which

28   he alleges he has suffered "excruciating pain & suffering" and "a permanent skin injury."

3

1    Plaintiff also alleges he "suffers from a plethora of heart diseases" and references a February 17,

2    2014 open heart surgery procedure he underwent.  But again, the focus of the complaint is his

3    allegation that the prison is failing to respond appropriately to his 602 grievances.  <u>See</u>

4    Complaint, ECF No. 1.

5               <u>Violation of Rule 8</u>

6         Plaintiff's filing violates Rule 8 of the Federal Rules of Civil Procedure.   Rule 8 sets forth

7    general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the

8    grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

9    showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint meets

10   none of these requirements.  All that is required are sufficient allegations to put defendants fairly

11   on notice of the claims against them.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)(abrogated on

12   another ground by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)); 5 C. Wright & A.

13   Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient

14   allegations to put defendants fairly on notice of the claims against them."  <u>McKeever v. Block</u>,

15   932 F.2d 795, 798 (9th Cir. 1991)).  <u>Accord</u> <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640,

16   645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the

17   notice requirement of Rule 8.)

18        Far from providing sufficient allegations to put defendants fairly on the notice of the

19   claims against them, plaintiff fails to identify any defendants or to set forth any colorable claims

20   under § 1983.  The complaint will be dismissed but plaintiff will be granted leave to amend.

21               <u>No Constitutional Right to a Prison Grievance Procedure</u>

22        Plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a

23   specific prison grievance procedure."  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003),

24   citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the

25   failure of prison officials to properly implement, an administrative appeals process within the

26   prison system does not raise constitutional concerns.  <u>Mann v. Adams</u>, 855 F.2d at 640.  <u>See</u> <u>also</u>,

27   <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.

28   1991).  <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure

4

is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).[3]  To the extent plaintiff intended to frame due process claims they will be dismissed but plaintiff will be granted leave to amend.

Excessive Force Legal Standard

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury. . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Hudson, supra, at 7.

While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."  Hudson, supra, at 9, (citing Whitley, at 327).

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369 [] (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493[] (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222[] (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1    Plaintiff has failed to name any defendants who are alleged to have subjected him to

2    excessive force, and thus has not framed any cognizable excessive force claim.  However,

3    plaintiff is granted leave to amend.

4        Eighth Amendment Inadequate Medical Care Claim

5        In order to state a §1983 claim for violation of the Eighth Amendment based on

6    inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

7    deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

8    To prevail, plaintiff must show both that his medical needs were objectively serious, and that

9    defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299

10   (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

11   mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5

12   (1992).

13       A serious medical need exists if the failure to treat a prisoner's condition could result in

14   further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

15   prisoner has a serious need for medical treatment are the following: the existence of an injury that

16   a reasonable doctor or patient would find important and worthy of comment or treatment; the

17   presence of a medical condition that significantly affects an individual's daily activities; or the

18   existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-

19   41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).

20   McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

21   Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

22       In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very

23   demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.

24   at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

25   which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

26   violation.  Id. at 836-37.  It not enough that a reasonable person would have known of the risk or

27   that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

28   established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to

6

1   inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

2   citation omitted) (emphasis added).

3       A physician need not fail to treat an inmate altogether in order to violate that inmate's

4   Eighth Amendment rights. <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir. 1989).  A

5   failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may

6   constitute deliberate indifference in a particular case.  <u>Id.</u>  However, mere differences of opinion

7   concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.

8   <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344

9   (9th Cir. 1981).  "A difference of opinion between a physician and the prisoner -- or between

10   medical professionals -- concerning what medical care is appropriate does not [without more]

11   amount to deliberate indifference."  <u>Snow v. McDaniel</u>, 681 F.3d 978, 987 (9th Cir. 2012); <u>see</u>

12   <u>also</u>, <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinion as to

13   treatment of serious medical needs does not amount to deliberate indifference).

14       A finding that an inmate was seriously harmed by the defendant's action or inaction tends

15   to provide additional support for a claim of deliberate indifference; however, it does not end the

16   inquiry.  <u>McGuckin,</u> 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

17   medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

18   needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the

19   defendant."  <u>McGuckin</u>, 974 F.2d at 1061.

20       While he failed to do so, it is unclear whether plaintiff intended to frame a claim for

21   inadequate medical care.  Should he intend to do so, plaintiff will be granted leave to amend.  The

22   court will direct that plaintiff be provided the appropriate civil rights complaint form.

23       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

24   complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v.</u>

25   <u>Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

26   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

27   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

28   <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980);

1  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

2  allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board

3  of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

4          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

5  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

6  complaint be complete in itself without reference to any prior pleading.  This is because, as a

7  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Lacey v. Maricopa

8  County</u>, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint

9  super[s]edes the original complaint and renders it without legal effect. . .")  Once plaintiff files an

10  amended complaint, the original pleading no longer serves any function in the case.  Therefore, in

11  an amended complaint, as in an original complaint, each claim and the involvement of each

12  defendant must be sufficiently alleged.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

15          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

17  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18  Director of the California Department of Corrections and Rehabilitation filed concurrently

19  herewith.

20          3.  The complaint is dismissed for the reasons discussed above, with leave to file an

21  amended complaint within twenty-eight days from the date of service of this order.  Failure to file

22  an amended complaint will result in a recommendation that the action be dismissed.

23          4.  The Clerk of the Court is directed to provide plaintiff with the form used in this district

24  for prisoner civil rights complaints.

25  DATED: September 25, 2014

26

27

28

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE