UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN, | No. 2:14-cv-1119 AC P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has consented to the jurisdiction of the undersigned. ECF No. 3. Now before the court is plaintiff's Motion Requesting the Reversal of the Order for Payment of Inmate Filing Fee. ECF No. 14.

Plaintiff initiated this action by filing what was styled as a habeas petition. ECF No. 1. The court determined that "t[h]e allegations . . . to the extent they can be discerned, concern claims of excessive force and inadequate medical care, i.e., they challenge conditions to confinement." Order, ECF No. 4 at 1.[1] Accordingly, the action was re-designated as one brought

---

[1] Plaintiff was informed that "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500[] (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action." Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam). Id.

1

1 pursuant to 42 U.S.C. § 1983.  Id. at 2.  Plaintiff was directed to file an in forma pauperis affidavit
2 or pay the required filing fee, pursuant to 28 U.S.C. §§ 1914(a) and 1915(a), if he wished to
3 proceed.  Plaintiff was informed of the significant difference between the $5.00 filing fee for a
4 habeas petition and the filing fee for a civil rights complaint.  Id.  Plaintiff thereafter sought and
5 was granted an extension of time to file his in forma pauperis affidavit, then proceeded to file it
6 no less than three times.  See ECF Nos. 7-9.  On September 5, 2014, plaintiff submitted a request
7 to the Clerk of the Court seeking the status of the "civil rights complaint" he had filed pursuant to
8 42 U.S.C. § 1983.

9 On September 25, 2014, the court granted plaintiff IFP status, directed monthly payments
10 be made from plaintiff's prison account, screened the complaint, and dismissed it with leave to
11 amend.  ECF Nos. 11, 12.

12 Plaintiff now seeks the "reversal of the order for payment of inmate filing fee due to
13 duplicated filings & clerical error."  ECF No. 14.  Plaintiff states that the original filing in this
14 action, which was captioned as a San Joaquin County Superior Court habeas petition, was
15 somehow erroneously transferred to this court.  Plaintiff attaches a copy of the San Joaquin
16 County Superior Court's September 11, 2014 ruling on that petition.  ECF No. 14 at 5-6.  Plaintiff
17 claims never to have filed the § 1983 civil rights complaint regarding claims of excessive force
18 and inadequate medical care.  While he concedes that he has filed a separate civil rights case in
19 this federal court, Hoffman v. Quach, 14-cv-1009 DAD,[2] he disavows any intent to have
20 proceeded in the instant action.  ECF No. 14.

21 While it is unclear how plaintiff could have misread the court's June 4, 2014 order in this
22 case or why he filed repeated requests for in forma pauperis status, the court will construe
23 plaintiff's filing as a request for voluntary dismissal of this action and the action will be
24 dismissed.  See Fed. R. Civ. P. 41(a).  In addition, the undersigned will direct that the order filed
25 on September 25, 2014, addressed to the Director of the California Department of Corrections
26 and Rehabilitation (CDCR) with instructions on collecting the filing fee from plaintiff's prison

---

[2] The in forma pauperis request in Case No. 2:14-cv-1009 remains pending.

trust account (ECF No. 12) be rescinded.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for reversal of the order for payment of the filing fee, ECF No. 14, filed on October 3, 2014, is GRANTED;

2. The order directed to the CDCR Director regarding payment of the filing fee in this action, ECF No. 12, is hereby RESCINDED and VACATED;

3. The Clerk of the Court is DIRECTED to serve this order upon the CDCR Director with a copy to be served on this court's Financial Department; and

4. Plaintiff's request is also construed as a motion for voluntary dismissal of this action pursuant to Rule 41(a) for the Federal Rules of Civil Procedure, and as such is GRANTED; and

5. The Clerk shall close this case.

DATED: October 8, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE